[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT CITY OF DANBURY'S MOTION TO STRIKE UNJUST ENRICHMENT AND QUANTUM MERUIT CLAIMS
CT Page 2194
The defendant City of Danbury ("City") has moved to strike Counts Eleven and Twelve of the Second Amended Complaint in the above-captioned action. In Count Eleven, the plaintiff, Bucon, Inc. ("Bucon") seeks recovery for unjust enrichment of the City which Bucon alleges occurred when the City retook title to property on which Bucon had performed construction services. In Count Twelve, Bucon seeks recovery in quantum meruit for the reasonable value of work performed on the property.
I. Failure to identify grounds in motion
Bucon accurately observes that the City has failed to comply with the requirements of Practice Book § 10-41, which provides that "[e]ach motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." This provision unmistakably requires a party moving to strike to "set forth" and specify" in the text of the motion "each claimed insufficiency." The City has instead alleged that Bucon's claims "are legally insufficient for the reasons set forth in the attached memorandum of law."
The Practice Book does not authorize the procedure employed by the City. That procedure puts the plaintiff and the court to the task of trying to locate in a brief the various claims of insufficiency that the defendant makes. In poorly organized briefs, such a hunt for grounds presents the hazard of missing claims or responding to observations that the movant does not actually assert as grounds.
The Practice Book puts the burden on the party filing a motion to strike to state each of the grounds in the text of the motion, not by reference.
Bucon urges the court to require the City to replead in conformity with the requirements of P.B. § 10-41. While the court would ordinarily agree that such is the proper course, the court finds that under the circumstances, the goal of judicial economy is better served by addressing the motion as filed.
II. Sufficiency of the Unjust Enrichment/Quantum Meruit Counts
CT Page 2195
The City reiterates in its brief the same grounds that it asserted in connection with a motion to strike claims for unjust enrichment and quantum meruit in Count Three of a cross claim against the City filed by Pavarini Construction Co., Inc. in Connecticut Concrete Construction,Inc. v. ARC IceSports Danbury, Inc. et al., Docket No. X01 CV 00-0160662. In the motion to strike that count, as in its present motion to strike Counts Eleven and Twelve of Bucon's complaint, the City asserted that a party that seeks to foreclose a mechanic's lien cannot also maintain actions for unjust enrichment and quantum meruit. It also raised the same claim of failure to state a cause of action that it has raised in the present motion.
The court adopts the same analysis that it used in denying the motion to strike Pavarini's claims in Count Three of its cross claim in its ruling dated February 8, 2001.
III. Conclusion
The motion to strike is denied.
 Beverly J. Hodgson Judge of the Superior Court